IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TYRONE MORROW, SR., | ) | |
| Plaintiff, | ) ) ) | Case No. 1: 16-cv-00197 |
| v. | ) ) ) | UNITED STATES MAGISTRATE JUDGE RICHARD A. LANZILLO |
| WILLIAM MARUCCI II, PATRICK, GINKEL, VARIOUS JOHN DOES, THE CITY OF ERIE, PENNSYLVANIA | ) ) ) ) | |
| Defendants. | ) ) | O R D E R |

On June 29, 2018 the Defendants filed a Motion for Summary Judgment. ECF No. 45. Various documents in support of this motion were also filed. *See* ECF No. 46 (Appendix), and ECF No. 47 (Brief in Support). Defendants did not file a Concise Statement of Material Fact. Plaintiff filed a document identified as a "Response" to the Defendants' Motion for Summary Judgment on August 17, 2018. ECF No. 53. Plaintiff has not filed a brief in opposition to summary judgment. Inasmuch as Defendants did not file Concise Statement, Plaintiff has not filed a Responsive Concise Statement. On September 27, 2018, this matter was re-assigned to the undersigned. ECF No. 55.

Local Rule 56 governs summary judgment practice before the United States District Court for the Western District of Pennsylvania. *See* LCvR 56. Strict compliance with Local Rule 56 is required. Every motion for summary judgment and supporting brief, if based on the affirmative proof of facts, shall be accompanied by a Concise Statement of Material Facts not in dispute. This statement shall contain numbered paragraphs setting forth all the facts supporting the motion which are necessary for its resolution. Each factual assertion shall cite to evidentiary materials accompanying the motion. There is no page limitation for Concise Statements.

1

Plaintiff Morrow, as the party opposing summary judgment, may file, in addition to its brief in opposition, a response to the moving party's Concise Statement of Material Facts. In paragraphs corresponding to those of the Concise Statement, the opposing party shall state whether the facts listed are disputed. For any disputed fact, the opposing party shall cite to evidentiary material demonstrating the dispute and attach such evidentiary material in an Appendix. When responding to the Concise Statement of Material Facts, the responding party must include a reprint of each original fact statement, followed by the response, seriatim. See Local Rule 56. There is no page limitation for Responses to Concise Statements.

The Responsive Concise Statement may also contain any other material facts, set forth in separately numbered paragraphs with appropriate citation to the evidentiary material contained in the Appendix, that are necessary for the Court to determine the motion for summary judgment. Any new material fact raised in the Responsive Concise Statement must be addressed by the opposing party in the same manner described above.

Further, as provided by Local Rule 56, alleged material facts set forth in the moving party's Concise Statement, which are claimed to be undisputed, will for the purposes of deciding the motion for summary judgment be deemed admitted unless specifically denied or otherwise controverted by a separate responsive Concise Statement of the opposing party.

A party who ignores any provision of Local Rule 56, does so "at their peril." *Ruis Rivera v. Riley*, 209 F.3d 24, 28 (1st Cir. 2000); *see also United States v. Cruz*, 757 F.3d 372, 381 (3d Cir. 2014) (Where defendant ignored the local rules and chose not to present argument at the conclusion of hearing, he made that choice "at his peril") (citation omitted). Failure to file the required concise statement of material fact is ground for dismissal of a motion for summary judgment, even where the movant is a pro se litigant. *See Landmesser v. Hazleton Area Sch.*

*Dist.*, 982 F.Supp.2d 408, 412–13 (M.D. Pa. 2013). Where a party has not complied with Local Rule 56, this Court has broad, far-reaching discretion in framing an approach to curing this type of failure to fully comply with the Local Rules. *See e.g, Petty v. City of Chicago*, 754 F.3d 416, 420 (7th Cir. 2014) (citation omitted); *Matson-Forester v. Allstate Ins. Co*., 20142014 WL 580267 *3 (Feb. 12, 2014).

Upon review, the Court observes that the parties failed to follow proper summary judgment practice as outlined in both the Federal Rules of Civil Procedure and this Court's Local Rules. As a result, Defendants' Motion for Summary Judgment is DISMISSED without prejudice. Defendants may refile their motion, their brief in support, their appendices, and their concise statement within thirty (30) days of the date of this Order. Plaintiff may file responsive papers that conform to the Local Rules within thirty (30) days of the filing of Defendants' motion.

So ordered.

/s/ Richard A. Lanzillo
RICHARD A. LANZILLO
United States Magistrate Judge

Dated this 13th day of December, 2018